UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IDEARC MEDIA LLC, now known as
SUPERMEDIA LLC,

                              Plaintiff,
v.                                             **DECISION AND ORDER**
                                                                               09-CV-1090S

SIEGEL, KELLEHER & KAHN LLP, CARRIE
W. KAHN, as Executrix of the ESTATE OF
DENNIS KAHN, and HOGANWILLIG PLLC,

                              Defendants.

## I. INTRODUCTION

Plaintiff commenced this diversity action seeking damages in excess of $500,000 resulting from the failure of Defendant Siegel, Kelleher & Kahn LLP to pay an account balance for advertising in Verizon print directories published by Plaintiff. Pending before this Court is Defendant HoganWillig PLLC's Motion to Dismiss the Amended Complaint as against it for failure to state a claim. The Court finds the matter fully briefed and oral argument unnecessary. For the reasons discussed below, HoganWillig's motion is granted and the Amended Complaint is dismissed as against it.

## II. BACKGROUND

Plaintiff commenced this action in 2009 against Defendant Siegel, Kelleher & Kahn LLP ("SKK"), a law firm, alleging claims for breach of contract and account stated. (Compl.

1

¶¶ 25-37, Docket No. 1; Am. Compl. ¶¶ 37-53, Docket No. 54.) At that time, the owner and managing partner of SKK was Dennis A. Kahn. (Am. Compl. ¶ 29; see Aff. of Dennis A. Kahn, Esq. ¶ 1, Docket No. 24-4.) In July 2011, Defendant HoganWillig became the attorneys of record for SKK in the instant matter. (Docket Nos. 32, 33.) Shortly thereafter, in response to press releases indicating that HogantWillig was entering into a "business combination" with SKK, Plaintiff served a notice of deposition and subpoena on HoganWillig. (Decl. of Susan C. Roney, Esq. ¶¶ 15-19, Exs. A-B, Docket No. 36; Decl. of Jeffrey B. Novak, Esq. ¶¶ 6-7, Ex. A, Docket No. 59.) Plaintiff sought, among other things, "[a]ll records that define the nature and extent, or otherwise define the term 'business combination' as utilized by HoganWillig PLLC and [SKK]," as well as records regarding the employment relationship or other status of all SKK attorneys providing professional services for HoganWillig as a result of this "business combination." (Novak Decl. Ex. A ¶¶ 3, 7.) Although HoganWillig moved to quash the subpoena, that motion was denied. (Docket Nos. 35, 39, 62.) HoganWillig withdrew as counsel for SKK in December 2011. (Docket Nos. 40, 44.)

Plaintiff sought and was granted leave to file an Amended Complaint in August of this year. (Docket Nos. 51, 53.) Added as Defendants in the Amended Complaint were HoganWillig, on the ground that its business combination with SKK constituted a *de facto* merger, and Carrie W. Kahn, as the executrix of Dennis Kahn's estate following his death in February 2012. (Am. Compl. ¶¶ 6, 36.) In lieu of answering, HoganWillig filed the

2

present motion to dismiss[1] the Amended Complaint as against it. (Docket No. 59.)

### III. DISCUSSION

HoganWillig contends the Amended Complaint must be dismissed as against it because Plaintiff cannot state a claim that it is responsible for SKK's debt. (Def's Mem of Law at 9, 21.) In considering a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6), a court must accept all factual allegations in the complaint as true and make all reasonable inferences in a plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); ATSI Commc'ns, Inc., 493 F.3d at 98. This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In making its determination, a court is entitled to consider, as relevant here:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the

---

[1] In support of its motion, HoganWillig submitted a supporting Memorandum of Law and the Declaration of Jeffrey B. Novak, Esq., with Exs. A-Y (Docket No. 59.) Plaintiff responded with an opposing Memorandum of Law (Docket No. 61). HoganWillig filed the reply Declaration of Jeffrey B. Novak, Esq., with Exs. A-C and a reply Memorandum of Law (Docket No. 68).

3

complaint, (4) . . . , and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

In re Merrill Lynch & Co., Inc., 273 F.Supp.2d 351, 356-357 (S.D.N.Y. 2003)(citations omitted), *aff'd* 396 F.3d 161 (2d Cir. 2005), *cert denied* 546 U.S. 935 (2005); see Weiss v. Inc. Vill. of Sag Harbor, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011).

Under New York law,[2] "a purchaser of a corporation's assets does not, as a result of the purchase, ordinarily become liable for the seller's debts." Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 45 (2d Cir. 2003); Schumacher v Richards Shear Co., 59 N.Y.2d 239, 244 (1983). This is because "[t]he amount paid for the assets would ordinarily be available to satisfy those debts, at least in part." Cargo Partner AG, 352 F.3d at 45. There are, however, four recognized exceptions to this rule. Id.; Schumacher, 59 N.Y.2d at 245. These are "(1) a buyer who formally assumes a seller's debts; (2) transactions undertaken to defraud creditors; (3) a buyer who de facto merged with a seller; and (4) a buyer that is a mere continuation of a seller." Cargo Partner AG, 352 F.3d at 45; Schumacher, 59 N.Y.2d at 245; New York v. Nat'l Serv. Indus., Inc., 460 F.3d 201, 209 (2d Cir. 2006). Here, Plaintiff relies only on the *de facto* merger exception. (Am. Compl. ¶ 36; Pl's Mem of Law in Opp'n at 6-8, Docket No. 61.)

"A de facto merger occurs when a transaction, although not in form a merger, is in substance 'a consolidation or merger of seller and purchaser.' " Cargo Partner AG, 352 F.3d at 45 (quoting Schumacher, 59 N.Y.2d at 245). Four factors are generally considered in determining whether a de facto merger occurred: "whether there is continuity of

---

[2]Although there is a question whether New York or Texas law applies to the breach of contract claim itself, (see January 18, 2012 Decision and Order at 6 n. 3, Docket No. 48), the parties do not dispute that New York law applies when considering the existence of a *de facto* merger here.

4

ownership, continuity of management, a dissolution of the selling corporation, and the assumption of liabilities by the purchaser." Nat'l Serv. Indus., 460 F.3d at 210. Although each of these elements need not be present in every case, "because continuity of ownership is 'the essence of a merger,' it is a necessary element of any de facto merger finding, although not sufficient to warrant such a finding by itself." In re New York City Asbestos Litig., 15 A.D.3d 254, 256, 789 N.Y.S.2d 484, 487 (N.Y.A.D. 1st Dep't 2005) (citing Cargo Partner AG, 352 F.3d at 46-47); Washington Mut. Bank, F.A. v. SIB Mortg. Corp., 21 A.D.3d 953, 954, 801 N.Y.S.2d 821, 822 (N.Y.A.D. 2d Dep't 2005) (continuity of ownership is essence of merger in non-tort action); see Nat'l Serv. Indus., 460 F.3d at 210-15 (finding that continuity of ownership is still required element of de facto merger even in tort cases); Hayden Capital USA, LLC v. Northstar Agri Indus., No. 11 Civ 594, 2012 WL 1449257, *5 (S.D.N.Y. April 23, 2012); Silverman Partners LP v. Verox Group, No. 08 Civ 3103, 2010 WL 2899438, *4 (S.D.N.Y. July 19, 2010). Continuity of ownership is found where "the parties to the transaction 'become owners together of what formerly belonged to each,' " such as in a stock-for-assets transaction. In re New York City Asbestos Litig., 15 A.D.3d at 256 (quoting Cargo Partner AG, 352 F.3d at 47).

Here, contrary to Plaintiff's contention, the Amended Complaint lacks sufficient factual allegations from which to infer that Dennis Kahn, the sole owner of SSK, had any ownership interest in HoganWillig following this firm's acquisition of pending litigation. Plaintiff alleges that "several employees of [SSK], *including Mr. Kahn*, were *employed* by HoganWillig following the business combination." (Am. Compl. ¶ 32 (emphasis added).) The fact that the Amended Complaint does not preclude the possibility of Kahn's continued ownership interest is not enough, as the plausibility standard requires more than a "sheer

5

possibility" that a defendant is liable. Iqbal, 556 U.S. at 678. Indeed, accepting Plaintiff's allegations as true, as this Court must, ATSI Commc'ns, Inc., 493 F.3d at 98, the reasonable inference is that Kahn was an employee without any ownership interest in HoganWillig or the pending litigation acquired by that law firm. This Court will therefore grant HoganWillig's motion to dismiss the Amended Complaint as against it. In light of this determination, there is no need to determine if judicial notice may be taken of some or all of the multitude of documents submitted by HoganWillig in support of this motion.

Finally, this Court sees no reason to consider granting leave to file a further amended complaint. See generally Fed. R. Civ. P. 15 (a) (2) (leave to amend a pleading shall be freely given when justice so requires). In addition to the absence of any request for such relief, Plaintiff had the benefit of some discovery on this exact issue prior to filing the Amended Complaint. (See Pl's Mem of Law in Opp'n at 2 (acknowledging HoganWillig produced documentation required by the subpoena).) Therefore the absence of any allegation that continuity of ownership exists is particularly telling, especially as Plaintiff concedes that this is an essential element of a de facto merger. (Pl's Mem of Law in Opp'n at 8.)

## IV. CONCLUSION

Because the Amended Complaint fails to state a claim that HoganWillig is responsible for SKK's alleged debt by reason of a *de facto* merger, the Motion to Dismiss the Amended Complaint as against HoganWillig is granted.

## V. ORDERS

IT HEREBY IS ORDERED that Defendant HoganWillig PLLC's Motion to Dismiss (Docket No. 59) is GRANTED and the Amended Complaint is dismissed as against that Defendant.

SO ORDERED.

Dated: November 10, 2012
       Buffalo, New York

                                                    <u>/s/William M. Skretny</u>
                                                    WILLIAM M. SKRETNY
                                                          Chief Judge
                                                 United States District Judge