UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IDEARC MEDIA LLC,

                              Plaintiff,

      v.                                        **DECISION AND ORDER**
                                                              09-CV-1090S

SIEGEL, KELLEHER & KAHN LLP, CARRIE
V. KAHN, as Executrix of the ESTATE OF
DENNIS KAHN,

                              Defendants.

## I. INTRODUCTION

Plaintiff commenced this diversity action in December 2009 seeking damages resulting from the failure of Defendant Siegel, Kelleher & Kahn ("SKK") to pay for advertising in Verizon print directories published by Plaintiff. SKK answered the complaint and was represented in this action until counsel's motion to withdraw was granted in December 2011. Plaintiff subsequently moved and was granted leave to file an amended complaint in August 2012. Based on information that SKK had entered into a "business combination" with the law firm of HoganWillig, (Docket No. 51-1 ¶¶ 15-19), Plaintiff added this law firm as a Defendant, as well as Carrie V. Kahn, as Executrix of the Estate of Dennis Kahn ("the Estate") on the ground that Kahn had been the sole owner of SKK from 2007 until his death in 2012. HoganWillig's motion to dismiss the complaint as against it was granted in November 2012.

There has been no subsequent appearance by SKK since the withdrawal of counsel in December 2011. Neither this Defendant nor the Estate answered the Amended Complaint. A default was entered against these Defendants by the Clerk of the Court on

January 11, 2013 in response to Plaintiff's application. Presently before this Court is Plaintiff's Motion for a Default Judgment against both Defendants pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Docket No. 22.)  For the following reasons, Plaintiff's motion is denied in part and granted in part.

## II. DISCUSSION

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. See Fed. R. Civ. P. 55(a).  The fact that a defendant has defaulted, however, is not alone sufficient to establish a plaintiff's entitlement to a default judgment.  Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010); see Priestley v. Headminder, Inc., 647 F.3d 497, 505 (2d Cir. 2011). Instead, a court considers the "well-pleaded allegations" of the complaint as true, Priestley, 647 F.3d at 505, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), *cert denied*, 506 U.S. 1080 (1993); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). The court then determines whether those well-pleaded allegations are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.  Priestly, 647 F.3d at 505 (citing Rolex Watch, U.S.A. v. Pharel, 09 CV 4810, 2011 WL 1131401, *2 (E.D.N.Y. Mar. 11, 2011), *report and recommendation adopted*, 2011 WL 1130457 (Mar. 28, 2011)).

**A.    Liability**

Plaintiff seeks a default judgment against Defendants SKK and the Estate in the amount of $643,032.19 plus interest. (Pl's Mem of Law at 3-4, Docket No. 75.) The factual

allegations in the Amended Complaint and the attached exhibits establish that SKK purchased advertising from Plaintiff from 2004 to 2009. (Am. Compl. ¶¶ 11-13, Exs. A, C, E.) Despite a failed attempt at a mutually agreed upon payment plan for the amounts owed, SKK's account has not been current since 2004. (Id. ¶¶ 18-27, Exs. C, E.) Therefore, according to the terms and conditions of the "Applications for Directory Advertising" by which SKK contracted for printing services, SKK owes the requested judgment amount. (Id. ¶¶ 24-28.) These allegations are sufficient to state a claim against SKK under either the breach of contract or account stated theories asserted in the Amended Complaint.

With respect to the liability of the Estate, Plaintiff admits that SKK is a New York limited liability partnership. (Am. Compl. ¶ 4.) Plaintiff nonetheless alleges that Dennis Kahn became the sole owner of SKK in 2007 and therefore, "[t]o the extent [SKK] has no assets, Mr. Kahn's Estate is individually liable for [SKK's] liabilities under New York Partnership law." (Id. ¶¶ 4-5, 44, 53.) One district court has found that "after reviewing the relevant case law, . . . under New York Partnership law, general partners in a limited liability partnership are not protected as individuals from liability incurred by the partnership if the assets of the partnership are insufficient to satisfy the liability." U.S. v. 175 Inwood Associates LLP., 330 F.Supp.2d 213, 224 (E.D.N.Y. 2004). The New York cases cited for this conclusion, however, do not address limited liability partnerships, and two of them in fact pre-date the 1994 enactment of the legislation providing for such a legal entity. 175 Inwood Assocs., 330 F. Supp. 2d at 224 (citing Bank of New York v. Ansonia Assocs., 172 Misc. 2d 70, 78, 656 N.Y.S.2d 813, 819 (N.Y.Sup. 1997); Belgian Overseas Secs. Corp. v. Howell Kessler Co., 450 N.Y.S.2d 493, 494 (N.Y.A.D. 1982); Helmsley v. Cohen, 56

A.D.2d 519, 519-20 (N.Y.A.D. 1st Dep't 1977)); see Ederer v. Gursky, 9 N.Y.3d 514, 523-24 (N.Y. 2007).

New York's limited liability partnership legislation "eliminated the vicarious liability of a general partner in a registered limited liability partnership" and "afford[ed] limited liability partners the same protection from third-party claims as New York law provides shareholders in professional corporations or professional limited liability companies," Ederer, 9 N.Y.3d at 523-24.

> [N]o partner of a partnership which is a registered limited liability partnership is liable or accountable, directly or indirectly (including by way of indemnification, contribution or otherwise), for debts, obligations or liabilities of, or chargeable to, the registered limited liability partnership or each other, whether **arising in** tort, **contract** or otherwise, which are incurred, created or assumed by such partnership while such partnership is a registered limited liability partnership, solely by reason of being such partner or acting (or omitting to act) in such capacity or rendering professional services or otherwise participating (as an employee, consultant, contractor or otherwise) in the conduct of the other business or activities of the registered limited liability partnership.

N.Y. Partnership Law § 26 (b) (emphasis added). This provision "precludes the potential for a plaintiff to attempt an end-run around the liability shield of section 26(b) by first asserting a claim against the limited liability partnership and then arguing that the general partnership statute requires the limited liability partnership partners to make contributions to the limited liability partnership." Ederer, 9 N.Y.3d at 523-24 (internal quotation marks, brackets, and citation omitted). Thus, a plaintiff may not rely on a theory of indemnification or contribution to impose a liability on a partner who could not otherwise be held vicariously liable. Id. With both vicarious liability and indemnification or contribution theories of liability precluded by SKK's status as a limited liability partnership, and in the absence of a well-pleaded allegation supporting the piercing of this corporate veil, a default judgment against

the Estate is not warranted at this time.

**B.     Damages**

"A court cannot merely award the damages alleged in the complaint, but rather it must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.' " U.S. v. DiPaolo, 466 F. Supp. 2d 476, 483 (S.D.N.Y. 2006) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). "While Fed. R. Civ. P. 55(b)(2) allows a court to conduct a hearing on damages to determine the appropriate relief, one is not necessary if the court is able to ensure from the circumstances that a reasonable 'basis [exists] for the damages specified in the default judgment.' " DiPaolo, 466 F. Supp. 2d at 483 (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Here, the exhibits attached to the Amended Complaint establish that there was a balance of $597,354.42 on SKK's account just prior to commencement of this action. (Am. Compl. Ex. E.)  The applicable terms and conditions governing the contractual relationship provides for the accrual of late charges with respect to unpaid balances, and this provides a reasonable basis for the requested judgment in the increased amount of $643,032.19. (Id. Ex. B; Pl's Mem of Law at 3.) Further, in opposition to the original complaint, SKK did not dispute that the charges were incurred, but instead argued unsuccessfully that the firm was fraudulently induced into contracting.  (See Docket No. 24.)

### III. CONCLUSION

Plaintiff is entitled to a default judgment in its favor against Defendant SKK in the amount of $643,032.19 plus statutory interest. See 28 U.S.C. § 1961(a); see generally Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 102 (2d Cir. 2004).  The motion is denied with respect to the Defendant Estate at this time, and Plaintiff is ordered to show cause in writing why this action should not be dismissed against the Estate for failure to state a claim.

### IV. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for a Default Judgment (Docket No. 75) is GRANTED in part and DENIED in part;

FURTHER, that the Clerk of the Court is directed to enter judgment in favor of Plaintiff against Defendant Siegel, Kelleher & Kahn LLP in the amount of $643,032.19 consistent with the foregoing decision;

FURTHER, that Plaintiff is ordered to show cause in writing on or before May 31, 2013 why this action should not be dismissed against the remaining Defendant for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   May 2, 2013
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge