UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IDEARC MEDIA LLC,

    Plaintiff,
 v.              **DECISION AND ORDER**
                   09-CV-1090S

SIEGEL, KELLEHER & KAHN LLP, CARRIE
V. KAHN, as Executrix of the ESTATE OF
DENNIS KAHN,

    Defendant.

1. Plaintiff commenced this diversity action in December 2009 seeking damages resulting from the failure of Defendant Siegel, Kelleher & Kahn ("SKK") to pay for advertising in Verizon print directories published by Plaintiff. On May 3, 2013, this Court granted Plaintiff's motion for entry of a default judgment against SKK, but denied the same with respect to Defendant Carrie V. Kahn, Executrix of the Estate of Dennis Kahn ("the Estate"). The denial resulted from the allegation in the First Amended Complaint, presumed true for the purposes of a default motion, that SKK was a limited liability partnership ("LLP"), thereby precluding the imposition of the firm's liability on partner Dennis Kahn. Plaintiff was ordered to show cause why the action should not be dismissed against the Estate.

2. In its response, Plaintiff submitted evidence that a portion of the outstanding debt owed to it by SKK was incurred prior to that Defendant's registration as a LLP in June 2007. (Roney Decl. Ex. A); see N.Y. Partnership Law § 26 (b) (precluding individual liability for only those debts incurred "while such partnership is a registered limited liability partnership"). Plaintiff further highlights that Dennis Kahn became the sole owner and

managing partner in July 2007. (See Docket Nos. 24-4, 35-8 (affidavits of Dennis Kahn filed before his death in 2012).) Plaintiff argues that, after this acquisition, SKK no longer met the definition of a limited liability partnership and Kahn, as the "sole partner," became liable for SKK's debts. This Court agrees that any partnership necessarily dissolved when Kahn "purchased SKK from [his] partner in July 2007." (Kahn Aff. ¶ 5, Docket No. 24-4; Kahn Aff. ¶ 4, Docket No. 35-8.); see Gardiner Int'l v. J.W. Townsend & Assocs., 13 A.D.3d 246, 247, 788 N.Y.S.2d 312, 313 (N.Y.A.D. 1st Dep't 2004) (a partnership dissolves when one partner no longer associates with the purposes of the partnership) (citing N.Y. Partnership Law § 60). Notably, SKK did not contract for any advertising in the one month period between registration as a LLP and Kahn's purchase of the firm from his partner.

3. Plaintiff's theory of liability in the Amended Complaint, however, is that "[t]o the extent [SKK] has no assets, Mr. Kahn's Estate is individually liable for [SKK's] liabilities under New York Partnership Law." (Am. Compl. ¶ 53.) Kahn could not, however, have been a "sole partner" because a partnership must consist of two or more persons. See N.Y. Partnership Law § 10(1) ("A partnership is an association of *two or more persons* to carry on as co-owners a business for profit and includes for all purposes of the laws of this state, a registered limited liability partnership." (emphasis added)). Contrary to Plaintiff's interpretation, this Court does not read N.Y. Limited Partnership Law § 121-801(d) as permitting a single partner to maintain such a partnership alone. (See Roney Decl. ¶ 5.) Instead, this subsection provides that the withdrawal of a general partner will not trigger the dissolution of a limited partnership if there exists at least one other general partner. A limited partnership nonetheless still requires at least one limited partner in addition to a

general partner.  N.Y. Limited Partnership Law § 121-101(h).

4. It is also unclear from the allegations in the First Amended Complaint and the record as a whole what the corporate structure of SKK was at any time other than the one month period the firm was properly registered as a LLP. The First Amended Complaint therefore does not contain well-pleaded allegations sufficient to support imposing liability against the Estate.  See generally Priestley v. Headminder, Inc., 647 F.3d 497, 505 (2d Cir. 2011). The complaint is therefore dismissed as against the Estate.  This dismissal, however, will be without prejudice to Plaintiff filing a new complaint asserting an appropriate theory of liability against the Estate in the event SKK is insolvent.

     IT HEREBY IS ORDERED, that the First Amended Complaint is dismissed as against Carrie V. Kahn, as Executrix of the Estate of Dennis Kahn, without prejudice;

     FURTHER, that the Clerk of the Court shall close this case.

     SO ORDERED.

Dated:    October 17, 2013
           Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      Chief Judge
                                      United States District Court